*W. A. Dampier,* for plaintiff.

---

**7663.  CITIZENS BANK OF WAYNESBORO *v.* TIMMONS *et al.***

WADE, C. J.    1.    "A contract with a building contractor stipulated that he should be paid a specified sum for the work, payable in monthly installments in such sums as the architects might in writing certify to be due.  The owner reserved the right to withhold the payment of any installment when necessary to protect himself against any outstanding claims or liens for either labor or material.  *Held:*  (1) When the architects issued a certificate that a specified sum was due under the terms of the contract, the certificate was assignable, and the assignee could enforce it in a court of law, as a legal assignment of a particular fund.  (2) In such a suit by the assignee it was not necessary that the petition should negative the existence of liens for labor or material.  This was matter of defense."  *Timmons* v. *Citizens Bank*, 11 *Ga. App.* 69 (74 S. E. 798).

(*a*) The plaintiff in error acquired from the contractor, by assignment, a certificate signed by the architects to the effect that he was entitled to $1,200 as a payment under the terms of the building contract, which was broad enough to include by its language, not only perfected and recorded liens, but any valid "claims" for labor or material used in the construction of the building by the contractor.

(*b*) The certificate was assignable, but, not being a negotiable instrument, the transferee occupied no better position than the contractor, and the claim in its hands was subject to all the defenses that could have been interposed if suit had been brought by the contractor.

(*c*) The undisputed evidence showed that the contractor abandoned his contract, leaving unpaid claims for material furnished and labor done that were potential liens and debts assumed (not barred by statute when assumed) for an amount which, added to sums already paid under the contract, largely exceeded the contract price.  There was no averment or proof that the work had been performed in accordance with the conditions of the contract, or that full performance was in any manner waived.

2.    The judgment rendered by the court without the intervention of a jury was authorized by the evidence, and the court therefore did not err in overruling the motion for a new trial, based on the general grounds only.                    *Judgment affirmed.  George and Luke, JJ., concur.*

MARCH 16, 1917.    REHEARING DENIED APRIL 5, 1917.

Complaint; from city court of Tifton—Judge Eve.    May 26, 1916.

*H. J. Fullbright, R. S. Foy,* for plaintiff.

*Fulwood & Hargrett, J. H. Price, J. J. Murray,* for defendants.